United States District Court
Southern District of Texas
**ENTERED**
June 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD LOUIS FLORES, | § | |
| TDCJ #02282694, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-24-02674 |
| | § | |
| ERIC GUERRERO,[1] | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Richard Louis Flores is a state inmate currently in custody of the Texas

Department of Criminal Justice ("TDCJ"). Flores filed this petition seeking a federal writ

of habeas corpus for his state conviction and 40-year sentence for aggravated sexual assault

of a child under the age of fourteen in Harris County cause number 155547801010.

Respondent has filed an Answer, contending that this case is barred by the statute of

limitations. Flores has not filed a reply, and his time to do so has passed. The Court has

carefully considered the submissions of the parties, the record, and the applicable law and

**DISMISSES** this petition as barred by the one-year statute of limitations in the Anti-

---

[1] Bobby Lumpkin was the previous named respondent in this action. Eric Guerrero has succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

## I.    BACKGROUND

Court records reflect that on September 10, 2019, Flores was convicted of aggravated sexual assault of a child under the age of fourteen after pleading guilty in an open plea in exchange for the dismissal of three other felony charges. State Habeas Corpus Record ("SHCR"), Doc. No. 22-18, at 6. As part of the plea agreement, Flores waived his right to appeal.

A Texas intermediate appellate court dismissed Flores's direct appeal on June 4, 2020, for lack of jurisdiction. *See Flores v. State*, No. 01–20–00244–CR (Tex. App.–Houston [1st Dist.] Jun. 4, 2020, pet. ref'd). The Texas Court of Criminal Appeals refused Flores's petition for discretionary review on January 27, 2021. *Flores v. State*, PDR No. 0616-20 (Tex. Crim. App. 2021). Flores reports that his petition for a writ of certiorari in the United States Supreme Court was returned to him unfiled because it was considered untimely. Doc. No. 5-1 at 3.

On August 19, 2022, Flores filed his state application for habeas corpus. SHCR, Doc. No. 22-18, at 24. On January 11, 2023, the Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing and on the court's independent review of the record. *See* SHCR, Doc. No. 22-21 (Action Taken Sheet); *Ex Parte Flores*, WR-94,358-01 (Tex. Crim. App. Jan. 11, 2023). However, the Texas Court of Criminal Appeals reconsidered on its own motion and remanded the case

for an evidentiary hearing but ultimately denied the application without written order on January 17, 2024. *See Ex Parte Flores*, WR-94,358-01 (Tex. Crim. App. Jan 17, 2024) (Action Taken). On April 29, 2024, Petitioner, through his Next Friend, submitted materials regarding Petitioner's federal petition (Doc. No. 3 at 13) and supplemented that filing on or around May 15, 2024 (Doc. No. 5-1 at 5, Doc. No. 6 at 2).

## II.  DISCUSSION

A federal habeas corpus petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(1)   A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Flores challenges a state court judgment of conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Texas Court of Criminal appeals refused his petition for discretionary review on January 27, 2021, and his petition for a writ of certiorari was due 90 days later, or by April 27, 2021. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *see also* Sup. Ct. R. 13.1, 13.3 (providing that a petition for a writ of certiorari is due 90 days after the entry of judgment of the state court of last resort, where, as here, no motion for rehearing was filed for the petition for discretionary review). His federal petition was due by April 27, 2022, unless an exception applies.

## A.    **Statutory Tolling**

Although a properly filed state application for habeas corpus relief tolls the limitation period, Flores's August 19, 2022, state application was not filed within the limitations period, and, therefore, does not toll the statute of limitations for purposes of 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Therefore, Flores does not show statutory tolling based on a properly filed state application for collateral review.

4 / 7

Additionally, Flores does not allege that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, Flores does not present any statutory basis to save his late-filed claims.

## B.   Equitable Tolling

The Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)).

Flores does not establish that he is entitled to equitable tolling in this case. Through his Next Friend, he contends that he received the wrong address to file his petition in 2024, which caused some delay. However, as noted above, his petition was due in 2022, and his pleadings reflect that he misunderstood the correct due date for his federal petition. An

error of law regarding the correct due date is not a basis for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 & n.13 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Petitioner did not respond to the Respondent's answer and does not dispute that his miscalculation of the due date is not a basis for equitable tolling. He does not otherwise show that equitable tolling would be appropriate in this case. Because Flores does not show any legitimate basis for tolling, his petition must be dismissed as barred by the governing one-year limitations period.

## III.    **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of

6 / 7

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    Petitioner Richard Louis Flores's federal petition (Doc. No. 5-1) is **DISMISSED** with prejudice as barred by the one-year statute of limitations.

2.    All other motions, if any, are **DENIED**.

3.    A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED on this ___ 2a<sup>th</sup> ___ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

7 / 7